UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COBRA TAX SHELTER ) | |
| LITIGATION, ) | |
| ) | |
| ) | CAUSE NO.  1:05-ml-9727-JDT-WTL |
| THIS DOCUMENT RELATES TO: ) | MDL Docket No. 1727 |
| ) | |
| 1:06-cv-8000 ) | |
| 1:06-cv-8002 ) | |

### ENTRY ON MOTION TO QUASH AND MOTION TO COMPEL

This cause is before the Magistrate Judge on the motion filed by non-party Jenkens & Gilchrist ("J&G") entitled Motion to Quash and Motion for Protection from Plaintiffs' Subpoena for a Rule 30(b)(6) Deposition and for Production of Document and the responsive motion to compel filed by Plaintiffs Tesoro Drive Partners and SA Tesoro Investment Partners (collectively "Plaintiffs").  Both motions are fully briefed, and the Magistrate Judge, being duly advised, **GRANTS** J&G's motion and **DENIES** Plaintiffs' motion for the reasons set forth below.

The Plaintiffs in these cases wish to obtain documents and depose non-party J&G[1] relating to a $76 million settlement between the IRS and J&G which arose out of an investigation of what the IRS characterized as the "promotion of abusive and fraudulent tax shelters and violations of the tax law concerning tax shelter registration and maintenance and turnover to the IRS of tax shelter investor lists."  J&G is a professional corporation that is in the process of being liquidated; it is no longer offering legal services and now employs only one

---

[1]The deposition and document production at issue were to take place in Dallas, Texas, and therefore ordinarily it would be appropriate for the district court in Dallas to issue the subpoena and resolve any disputes regarding it.  However, because this is an MDL proceeding, this Court has the authority to do so pursuant to 28 U.S.C. § 1407.

attorney and some support staff who are winding down the firm's affairs. The attorney who has remained at the firm is not a tax attorney and has no first-hand knowledge regarding the settlement with the IRS or the legal advice that was the subject of the IRS investigation. It seems to the Magistrate Judge that under these circumstances it would clearly be unduly burdensome to require J&G to prepare for a deposition and provide the documents sought by the Plaintiffs. This is especially true in light of the fact that J&G is not the best source of the information the Plaintiffs hope to discover–that is, the basis upon which the IRS calculated the $76 million penalty. Rather, the information sought–assuming it is discoverable–is best obtained directly from the IRS itself.[2]

SO ORDERED: 09/18/2007

*William T. Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

---

[2] The Plaintiffs state in their brief in support of their motion to compel that "the government has uniformly refused to produce Rule 30(b)(6) witnesses and documents seeking information on this issue." No motion to compel discovery from the IRS is pending before the Court at this time, and the Magistrate Judge expresses no opinion at this time regarding whether such a motion would be granted; however, to the extent that information is relevant and discoverable, clearly J&G is not the appropriate source from which to obtain it. The Plaintiffs point out that the settlement agreement requires J&G to retain and provide to the government, if requested, certain categories of documents and to provide testimony if needed, and therefore, the Plaintiffs argue, J&G should also have the resources to respond to their subpoena. However, whether J&G is able to do so and whether it should be required to use its limited resources to do so in order to save the Plaintiffs from the effort of obtaining the information from the IRS are two different questions.

Copies to:

Jackie M. Bennett , Jr.
SOMMER BARNARD ATTORNEYS, PC
jbennett@sommerbarnard.com,kjacob@sommerbarnard.com

Jonathan L. Blacker
U.S. DEPARTMENT OF JUSTICE
jonathan.blacker2@usdoj.gov

Joel Norris Crouch
MEADOWS COLLIER REED COUSINS & BLAU LLP
jcrouch@meadowscollier.com

Anthony P. Daddino
MEADOWS COLLIER REED COUSINS & BLAU LLP
adaddino@meadowsowens.com

Dennis M. Donohue
DEPARTMENT OF JUSTICE - TAX DIVISION
dennis.donohue@usdoj.gov

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov,lin.montigney@usdoj.gov

John A. Lindquist , III
U.S. DEPARTMENT OF JUSTICE
john.a.lindquist@usdoj.gov,northern.taxcivil@usdoj.gov

Michael E. McCue
MEADOWS COLLIER REED COUSINS & BLAU LLP
mmccue@meadowscollier.com

Joseph A. Pitzinger
U.S. DEPARTMENT OF JUSTICE
joseph.a.pitzinger@usdoj.gov,southwestern.taxcivil@usdoj.gov

Mary L. Scott
BAKER BOTTS LLP
mary.scott@bakerbotts.com

David M. Steiner
U.S. DEPARTMENT OF JUSTICE
david.m.steiner2@usdoj.gov,northern.taxcivil@usdoj.gov

Michael Todd Welty
MEADOWS COLLIER REED COUSINS & BLAU LLP
twelty@meadowsowens.com